(38 Misc. Rep. 774.)

### HAZARD v. TAYLOR.

(Supreme Court, Appellate Term. June, 1902.)

1. PARENT—LIABILITY FOR CHILD'S BOARD—ARRANGEMENT WITH THIRD PERSON—DEFENSE.

Defendant arranged with his sister-in-law to take care of his infant son, defendant to furnish a certain stipend therefor. The sister-in-law engaged board and lodging for the boy of the plaintiff, plaintiff not being aware of the arrangement between defendant and the sister-in-law. *Held*, that the arrangement with the sister-in-law did not relieve defendant from liability for necessaries furnished his son.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Anna Hazard against William E. Taylor. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

James Flynn, for appellant.
John A. Balestier, for respondent.

MacLEAN, J. The defendant's infant son and a lady, some time his sister-in-law, were boarded and lodged, with his knowledge, in the house of the plaintiff, who brings this action for one (the last) week's care of the child and attendant, an extra bed procured at his instance, and a bowl, with plumbing broken in the room. Judgment upon all went for the defendant, who contended that the agreement for board and lodging had not been made by him personally, but by the person, whilom his sister-in-law, with whom he had an arrangement; that, though he asked to have the bed provided, he did not directly promise to pay therefor when asked if he would; and that it was not duly proven that his boy broke the bowl and damaged the plumbing. As the plaintiff was not privy to, or even aware of, the personal arrangement that the sister-in-law should pay the board out of the stipend,—it does not appear that the defendant paid this, even to her, for the time in question,—and if the lad was harbored and fed, with the defendant's knowledge, according to his wishes and requirements, he was bound to pay therefor, unless some one else did. Concerning his obligation to pay for the extra bed, the plaintiff's testimony is too clear to be quite set off by the evasive statements of the defendant. Any doubt about this or liability for the broken

bowl may be cleared up—perhaps by the testimony of the boy him-self—upon a new trial, which must be had, since the plaintiff was entitled to a verdict for the necessaries furnished to the defendant's offspring.

Judgment reversed, with costs to abide the event.

GILDERSLEEVE, J., concurs.

FREEDMAN, P. J. (concurring). The plaintiff, a boarding-house keeper, claiming that the defendant had engaged board at her house for his infant son, brought this action to recover for one week's unpaid board; also for a washbowl claimed to have been destroyed by the boy, and for a bed purchased for his use. The defendant denied the agreement to pay board, and sought to evade payment by proving that he paid to his sister-in-law, who had charge of the child, a certain sum each month, out of which she agreed to pay all the expenses of the boy. Upon such proof the trial court dismissed the complaint. There was no proof in the case that the plaintiff had knowledge of the agreement alleged to exist between the defendant and his sister-in-law, and, as the defendant knew that the plaintiff was furnishing board to his child, he being primarily liable therefor, the plaintiff should have had a judgment for the value of one week's board at least. I therefore concur with Mr. Justice MacLEAN in the disposition of the case as indicated in his opinion.